# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**DIANNA C. WALKER**                                                                  **PLAINTIFF**

**VS.**                          **CASE NO.: 3:08cv00131 BSM**

**ARKANSAS DEPARTMENT OF**
**COMMUNITY CORRECTION**                                                              **DEFENDANT**

## ORDER

Defendant Arkansas Department of Community Correction ("ADCC") moves to set aside the clerk's default entered on March 26, 2009 (Doc. No. 22), and Plaintiff Dianna C. Walker requests a hearing on the clerk's default (Doc. No. 16). For the reasons set forth below, ADCC's motion to set aside the clerk's default is granted and Walker's request for a hearing is denied as moot.

Walker filed her complaint against ADCC on August 19, 2008. On March 26, 2009, Walker requested that the clerk enter a default judgment against ADCC. Because ADCC had not filed a responsive pleading and the clerk's file indicated that the U.S. Marshals Service had served ADCC on September 16, 2008, the clerk entered a default judgment against ADCC.

ADCC now moves to set aside the default for good cause pursuant to Federal Rule of Civil Procedure 55(c), claiming that Walker failed to perfect service of process on ADCC. ADCC argues the judgment against it is void because, due to the defective service, the court never obtained personal jurisdiction over it.

ADCC was not properly served in September 2008 because the complaint and summons were served on someone identified as D. Harris, a person not authorized to accept service. See Summons (Doc. No. 8). Federal Rule of Civil Procedure 4(j)(2) requires that government agencies be served either by delivering a copy of the summons and the complaint to the agency's chief executive officer or by serving a copy of each in a manner prescribed by state law. G. David Guntharp, the director and chief executive officer of ADCC, did not receive any form of notice of this lawsuit. Defendant's brief in support of its motion to set aside entry of default, Exhibit 1, affidavit of G. David Guntharp, ¶ 6. Moreover, while Arkansas Rule of Civil Procedure 4(b)(7) authorizes service by delivery to the chief executive officer, or to another person designated by appointment or by statute to receive service, or to the state Attorney General, the affidavit testimony shows that D. Harris was not someone authorized to accept service. See Affidavits of G. David Guntharp, Bill Lowe, and Dorothy Harris, attached as Exhibits 1, 2, and 3 to the defendant's motion to set aside entry of default.

Because this court lacks jurisdiction over a defendant that is improperly served, the clerk's default judgment is void and should be set aside. *Printed Media Servs. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). ADCC's motion to set aside the clerk's default (Doc. No. 22) is therefore granted and Walker's motion for a hearing on the clerk's default (Doc. No. 16) is denied as moot.

IT IS SO ORDERED this 12th day of January, 2010

_____
UNITED STATES DISTRICT JUDGE